HOOD, Judge.
This is a wrongful death action instituted by Mrs. Peggy Poche Madere, individually and as natural tutrix for her two minor children. Plaintiff’s husband, James L. Madere, Sr., was killed when his pick-up truck was struck by a train. Defendants are Southern Pacific Transportation Company and Orlan L. Alleman. Judgment was rendered by the trial court in favor of defendants, and plaintiff appealed. We affirm.
The question presented is whether the defendant railroad was negligent and, if so, whether the decedent also was negligent barring plaintiff from recovery.
The accident occurred about 9:00 a. m. on October 18, 1973, at a point where a private road crosses the main line of the Southern Pacific Railroad, in St. Charles Parish. The decedent was driving his truck south on the private road, and as he attempted to cross the railroad, his vehicle was struck on the right side by a freight train which was travelling east and was being operated by the defendant railroad. Defendant Alle-man was the engineer on that train. Plaintiff’s husband was killed as a result of the accident.
*457 The railroad track at that point runs parallel to and along the north side of U.S. Highway 90. The road on which the decedent was travelling ran north from the highway, across the track to a pasture located a short distance north of it. The road was overgrown with grass, except for two gravel strips which accommodated the right and left wheels of a vehicle. Very few vehicles travelled on the road or the crossing at that point. .
The crossing was unmarked and was in poor condition. The track was elevated about four feet above the general surface of the roadway, with about a 15 or 20 degree slope on either side of it. There were ruts on both sides of each rail, estimated to be eight or ten inches deep. The railroad was straight for a distance of at least a mile on the west side of the crossing, but there were trees and shrubs on both sides of the track which obstructed the view of a motorist to some extent as he approached the crossing.
The decedent used the crossing and the road on infrequent occasions to go squirrel hunting. Earlier on the day of the accident, he drove his truck north from Highway 90, across the track, and he parked it in the pasture to which the road led, about 70 feet north of the railroad. About 9:00 a. m. that morning he returned to his truck, and began to drive it south on the above road toward Highway 90. The vehicle he was driving was struck by the train as he was attempting to negotiate the crossing.
The evidence establishes that Mr. Madere did not stop his truck when he reached the crossing, or at any time before he proceeded to cross the railroad track. The brakeman, who was seated on the left side of the locomotive, saw the truck immediately before it began to cross the track. The engineer, who was seated on the right side of the train, was unable to see the vehicle until the moment of the impact, when the front of the truck crossed the south rail.
The freight train involved in the accident was one or two miles long, and it was travelling at a speed of about 35 miles per hour. The headlight on the locomotive was burning, the whistle was blown intermittently, and the bell was ringing from a point about one-fourth of a mile before the locomotive reached the crossing, until the collision occurred. The evidence shows that the train could not be stopped suddenly. It was brought to a stop as soon as that reasonably could be accomplished after the collision, but even so the locomotive came to rest 49 cars past the crossing.
The trial judge concluded that the railroad, through its agents and employees, was free from negligence, and that it thus was not liable to plaintiff for the damages she and her children sustained. He held, further, that the decedent also was negligent in crossing the track without first ascertaining that it was safe for him to do so, and that plaintiff thus would be barred from recovery by the contributory negligence of the decedent even if the railroad was found to be at fault. We cannot say that the trial judge erred in reaching those conclusions.
Plaintiff contends, however, that the crossing where this accident occurred was a “dangerous trap,” and that Southern Pacific is liable because of its failure to maintain that crossing in a safe condition.
Although the crossing was used infrequently, those who lived in that area used it from time to time and they did not mention any particular danger or difficulty in negotiating it. The decedent used it that morning, only a short time before the accident occurred. The Claims Agent for the railroad, who investigated the accident, drove his vehicle over the crossing from both directions early that afternoon. It is apparent, therefore, that the crossing could be traversed, even though it was rough, and that the decedent was familiar with its condition and the fact that there was a railroad at that location.
Photographs taken at the scene on the day of the accident show that Mr. Madere could have seen the train approaching when his truck reached a point within 25 to 50 feet of the track. The decedent lived in that area, and his widow confirmed the fact that he knew that this was the main line of the Southern Pacific Railroad in that area. *458 As already noted, the headlight of the train was burning, the whistle was being blown, and the bell was ringing after the train reached a point within one-fourth of a mile from the crossing.
Under these circumstances we find, as did the trial judge, that the accident resulted solely from the negligence of the decedent, that the operators of the train were free from negligence, and that the defendant railroad and its engineer are not liable in damages to plaintiff as a result of this accident.
The judgment appealed from is affirmed. The costs of this appeal are' assessed to plaintiff-appellant.
AFFIRMED.